UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -4 A 11: 47

US DISTRICT COURT
HARTFORD CT

DUANE ZIEMBA

v.

MARGARET CLARK,
JOHN ARMSTRONG,
LARRY MYERS,
WILLIAM FANEUFF and
MICHAEL HOLLAND

PRISONER
Case No. 3:02CV1609(AWT)(DFM)

RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Duane Ziemba ("Ziemba") is an inmate currently confined at the Northern Correctional Institution in Somers, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Ziemba alleges that the defendants retaliated and used excessive force against him on October 6, 1999. The defendants have moved to dismiss this case on various grounds. For the reasons that follow, the defendants' motion is being granted in part and denied in part without prejudice.

I.  Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it

is clear that no relief can be granted. See <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996) (quoting <u>Grant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

II. <u>Facts</u>

The court accepts as true the following allegations taken from the second amended complaint.

On September 1, 1998, Ziemba's mother wrote to defendant Armstrong asking him to stop correctional staff from retaliating against Ziemba. In addition, Ziemba wrote seven letters to defendant Armstrong in September 1998, two letters in October 1998, three letters in November 1998, one letter in December

2

1998, one letter in January 1999, two letters in February 1999, three letters in June 1999, three letters in August 1999, and four letters in September 1999. In each letter he described acts of retaliation by correctional staff. Defendant Armstrong failed to stop the retaliatory actions. In response to one incident, the Department of Correction Security Division conducted an investigation, which was identified as SD 98-38, and determined that correctional staff had used excessive force against Ziemba, that one correctional employee did not tell the truth and that the medical department was inattentive to Ziemba's medical needs. Defendant Armstrong took no action in response to the investigation.

Ziemba also informed defendant Warden Larry Myers about the retaliatory actions through letters, disciplinary appeals, complaints and grievances. Defendant Myers took no action to stop the retaliatory actions.

Ziemba was confined in a cell with a broken toilet. He filed emergency grievances regarding this condition on September 29, 1999, and October 1, 3, 4 and 5, 1999. No action was taken in response to the grievances.

Defendant Margaret Clark exhibited hostile behavior toward Ziemba because she had been named as a defendant in one of his lawsuits. On October 6, 1999, defendant Clark told Ziemba that

3

she was going to have him chained down because he was suing her. Defendant Clark then falsified documents to indicate that Ziemba was kicking his cell door. Also on October 6, 1999, defendant William Faneuff threatened Ziemba because of his lawsuits. Defendant Michael Holland sprayed Ziemba with pepper spray and used pressure point pain compression for no reason. Defendant Faneuff supervised these actions and did not intercede on Ziemba's behalf. Ziemba was then confined in four-point restraints for an unreasonable period of time. He was stripped and held in a cell without a mattress. The toilet in the cell was broken and filled with feces.

III. Discussion

The defendants raise two grounds in support of their motion to dismiss: (1) Ziemba failed to exhaust his administrative remedies before commencing this action, and (2) the claims against defendants Holland and Faneuff are time-barred.

    A.    Exhaustion of Administrative Remedies

The defendants first argue that Ziemba failed to exhaust his administrative remedies before commencing this action.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are available" before bringing an "action . . . with respect to prison conditions." The Supreme Court has held that this

4

provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001).

The statute expressly states that inmates must exhaust all available administrative remedies before filing suit. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). Thus, any attempt to exhaust administrative remedies after the case was filed is ineffective to satisfy the exhaustion requirement. In addition, "[p]rison officials are entitled to require strict compliance with an existing grievance procedure." Hemphill v. New York, 198 F. Supp. 2d 546, 549 (S.D.N.Y. 2002). See Byas v. New York, No. 99 CIV. 1673 (NRB), 2002 WL 1586963, at *2 (S.D.N.Y. July 17, 2002) ("Permitting a plaintiff to bypass the codified grievance procedure by sending letters directly to the facility's superintendent would undermine the efficiency and the effectiveness that the prison grievance program is intended to achieve.")

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6. During the relevant time period, section 6.A. provided that the

following matters were grievable:

1. The interpretation and application of policies, rules and procedures of the unit, division and Department.
2. The existence or substance of policies, rules and procedure of the unit, division and Department . . . .
3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
6. Property loss or damage.

Ziemba's excessive force and retaliation claims are included within the list of grievable matters at items 3 and 5. Thus, Ziemba was required to fully exhaust his administrative remedies before he filed this action.

The Second Circuit considers the failure to exhaust administrative remedies an affirmative defense. See Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999) ("A defendant in a prisoner § 1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements [that the plaintiff first exhaust all administrative remedies]."). By characterizing non-exhaustion as an affirmative

6

defense, the Second Circuit suggests that the issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss. Rather, the defendants must present proof of non-exhaustion. See Reyes v. Punzal, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002) ("in the Second Circuit, failure to comply with the PLRA's exhaustion requirement is viewed as an affirmative defense . . . and . . . defendant bears the burden of proving plaintiff's failure to comply with the exhaustion requirement")(citations omitted); Hallett v. New York State Dep't of Correctional Serv., 109 F. Supp. 2d 190, 196-97 (S.D.N.Y. 2000) (same). But see Snider v. Melindez, 199 F.3d 108, 111-14 (2d Cir. 1999) (creating an exception to this rule by permitting the court to dismiss a complaint sua sponte, after notice to the plaintiff and an opportunity to be heard, where the plaintiff's failure to exhaust administrative remedies under the PLRA is "readily apparent," or "unambiguously established in the record").

Ziemba stated in his original complaint that he "filed and exhausted all administrative remedies as were available." (Doc. #3 at 5.) He attached to his first amended complaint copies of Level 1 and Level 2/3 grievance forms regarding the October 6, 1999 incident. Thus, Ziemba has satisfied his burden of alleging exhaustion of administrative remedies and the defendants bear the

burden of persuasion on this issue. Because this issue cannot be resolved without considering information beyond the pleadings, the defendants' motion to dismiss on this ground is being denied. The defendants may revisit this issue in a motion for summary judgment or at trial.

B.   Timeliness of Claims

The defendants also argue that the claims against defendants Faneuff and Holland were filed after the expiration of the limitations period. Ziemba contends that the amended complaints identifying these two correctional officials as defendants are timely because they relate back to the filing of the original complaint.

The limitations period for filing a section 1983 action is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions brought under 42 U.S.C. § 1983). The incident involving defendants Faneuff and Holland occurred on October 6, 1999. Thus, Ziemba had until October 6, 2002, to file his claims against those defendants.

Ziemba's original complaint, dated July 1, 2002, was filed on September 10, 2002, approximately one month before the

8

limitations period expired. After his papers were reviewed, Ziemba was informed that he must submit a current inmate account statement. On November 15, 2002, Ziemba complied with this order. On November 25, 2002, the court ordered Ziemba to complete the forms required for the U.S. Marshal to effect service on the named defendants and to file an amended complaint identifying the defendants included in the case caption as John Doe. On December 3, 2002, Ziemba filed an amended complaint including William Faneuff as a defendant. On July 21, 2003, the court granted Ziemba's motion for leave to file a second amended complaint adding Michael Holland as a defendant.

The Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Applying this "mailbox rule" to Ziemba's first and second amended complaints, the court concludes that the earliest the first amended complaint could have been given to prison officials for mailing was December 2, 2002, the date Ziemba signed the amended complaint. The second amended complaint is dated June 21, 2003. Thus, even if Ziemba were not required to obtain leave of court to file it, the earliest the second amended complaint could have been filed is June 21, 2003.

9

Because both amended complaints were filed after the limitations period expired, Ziemba can pursue his claims against defendants Faneuff and Holland only if his amended complaint relates back to the date of the original complaint. See James W. Moore, Moore's Federal Practice § 15.19(3)(a) at 15-84 (3d ed. 1997) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitation has run.").

Pursuant to Rule 15(c), an amendment in a pleading relates back to the date of the original pleading where "the amendment changes the party or naming of the party against whom a claim is asserted" and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). "Mistake" is not restricted to cases of misnomer. The court should permit "an amendment to relate back to add a defendant that was not named at the outset, but was added later when plaintiff realized that the defendant should have been named . . . ." Moore's Federal Practice § 15.19(3)(d) at 15-90. In his motion the plaintiff must allege a reason for

10

the mistake in omitting the proposed additional defendant from the original pleading.

Ziemba has amended his complaint to identify the "John Doe Defendants." Thus, he has changed the party against whom his claims are asserted and the amendment is governed by Rule 15(c)(3). In opposition to the motion to dismiss, Ziemba states that he did not know the identity of the "John Doe Defendants" and mistakenly indicated in the first amended complaint that defendant Faneuff, rather than defendant Holland, had used the pepper spray because prison officials wrongfully withheld his legal property and the court ordered him to identify the defendants before discovery commenced.

Lack of knowledge is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996) (Rule 15(c) does not permit an amendment to relate back where new defendants were not added to the original complaint because the plaintiff did not know their identities; lack of knowledge cannot be characterized as mistake).[1] See also

---

[1] In Soto v. Brooklyn Correctional Facility, 80 F.3d 34 (2d Cir. 1996), the plaintiff named only the correctional facility as defendant. The Second Circuit held that an amendment naming the correctional officers involved would relate back to the filing of the original complaint under the theory that naming the facility

11

Borges v. Administrator for Strong Memorial Hospital, No. 99-CV-6351FE, 2002 WL 31194558, at *5-*6 (W.D.N.Y. Sept. 30, 2002) (holding that amended complaint replacing "John Doe" with defendant's name does not relate back where amendment was required because plaintiff did not know defendant's identity before limitations period expired). A plaintiff cannot circumvent the statute of limitations by using "John Doe" pleadings even where the plaintiff is proceeding pro se. See Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999). Thus, Ziemba fails to satisfy the "mistake" component of Rule 15(c). Accordingly, the defendants' motion to dismiss is being granted as to the claims against defendants Faneuff and Holland.

IV. Conclusion

The defendants' Motion to Dismiss [doc. #21] is hereby GRANTED as to the claims against defendants Holland and Faneuff and DENIED in all other respects.

It is so ordered.

Dated this 4th day of December 2003, in Hartford, Connecticut.

                                        Alvin W. Thompson
                                 United States District Judge

---

rather than the officers was a mistake. Here, however, Ziemba was aware that he was required to name individual correctional officers. Thus, the holding of Soto is inapplicable.

12