UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT            FILED

| | |
|---|---|
| DUANE ZIEMBA | PRISONER<br>CIVIL NO. 3:02CV1609(AWT)(DFM) |
| v. | US DISTRICT COURT<br>BRIDGEPORT CT |
| MARGARET CLARK, ET AL. | JANUARY 26, 2004 |

### THE DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

The defendants hereby object to the plaintiff's motion for leave to file an amended complaint dated January 7, 2004.

**I. FACTS AND BACKGROUND**

The plaintiff, an inmate confined to the custody of the Connecticut Department of Correction ("DOC"), initiated this pro se action in 2002. The plaintiff complains about wrongdoing allegedly perpetrated on him by the defendants in October, 1999, while confined at the Northern Correctional Institution ("Northern"). Specifically, the plaintiff alleges that the defendants subjected him to excessive force and placed him in four-point restraints in violation of his rights. Since filing his original complaint in 2002, the plaintiff has amended his complaint on two occasions.

On August 6, 2003 the defendants filed a motion to dismiss the plaintiff's operative complaint asserting, inter alia, that plaintiff's action was barred by the statute of limitations as to defendants Faneuff and Holland. In a Ruling on Defendants' Motion to Dismiss, ((AWT), December 4, 2003), the Court agreed with defendants and dismissed all claims against defendants Holland and Faneuff. This decision is noteworthy because defendants Holland and Faneuff were the individuals who allegedly used the excessive force during the incident set forth in plaintiff's operative complaint. (See Plaintiff's Amended Complaint, June 21, 2003, paras.

20-29). Now that defendants Faneuff and Holland have been removed from the case, the plaintiff moves again to amend his complaint.

Specifically, the plaintiff moves to amend his complaint seeking to hold defendants Armstrong (the former Commissioner of the DOC) and Myers (the former warden of Northern) responsible for creating a pattern and practice by which the plaintiff's alleged rights were violated by failing to train and supervise their subordinates. This is a brand new claim that has never been presented and which seeks to add a new factual scenario and new claims which are barred by the statute of limitations. The proposed amended complaint is futile and the plaintiff's motion for leave to amend should be denied.

## II.  STANDARD

Rule 15 of the Federal Rules of Civil Procedure permits a plaintiff to amend his complaint. In appropriate circumstances, the district court may deny permission to amend. Three such circumstances are undue delay, bad faith, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). Permitting a plaintiff to amend his complaint when a new claim is barred by the statute of limitations would be futile. MacKensworth v. S.S. American Merchant, 28 F.3d 246, 251 (2d Cir. 1994). The causes of action asserted in the proposed complaint are brought pursuant to 42 U.S.C. § 1983, which has a three year statute of limitations. Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (In Connecticut, the general three-year personal injury statute of limitations set forth in Conn. Gen. Stat. § 52-577 is the appropriate limitations period for civil rights actions brought under 42 U.S.C. § 1983); Barrow v. Wethersfield Police Dept., 66 F.3d 446 (2d Cir. 1995). Because the plaintiff's causes of action accrued in 1999, the statute of limitations has expired. Unless these causes of action "relate back" to a previous, timely complaint, they are time-barred. The relation back of amendments is controlled by Rule 15(c),

2

which provides:

> An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

Courts have held that the "central inquiry" in Rule 15(c) determinations is whether "adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." Stevelman v. Alias Research, Inc., 174 F.3d 79, 86-87 (2d Cir. 1999). Generally, amendments will be permitted only when the amendment does not "allege a new cause of action but merely make[s] defective allegations more definite and precise." Siegel v. Converters Transportation, Inc., 714 F.2d 213, 215 (2d Cir. 1983).

In analyzing this question, courts look to a variety of factors, including whether the original and proposed complaints "have a common beginning" and conclusion; Pastorello v. City of New York, 2001 U.S. Dist. LEXIS 19919, *18 (S.D.N.Y.); whether the evidence needed to be established is the same in the two complaints; Alswanger v. Smego, 257 Conn. 58, 66 (2001); and whether the plaintiff has limited the cause of action in his original complaint by specifically pleading certain facts and omitting others. Moore v. Baker, 989 F.2d 1129, 1132 (11th Cir. 1993); see also Rosenberg v. Martin, 478 F.2d 520 (2d Cir. 1973); Holdridge v. Heyer-Schulte Corp., 440 F. Supp. 1088 (N.D.N.Y. 1977).

### III. ARGUMENT

#### A. The Proposed Amended Complaint is Barred by the Statute of Limitations and is therefore Futile

In his Motion to Amend his Complaint, the plaintiff alleges that the proposed complaint simply contains "a more detailed recitation of the underlying facts" (Memorandum at 2.) This claim is without merit and should be rejected. In fact, there is no claim in the operative

3

complaint that defendants Armstrong and Myers failed to properly supervise or train DOC staff, or that there were inadequate policies at DOC. In the original complaint, the plaintiff alleges only that he notified defendants Armstrong and Myers of his allegations of wrongdoing by DOC staff and that they failed to act to protect him. (See Original Complaint, ¶¶ 11-16.) However, in the proposed complaint, the plaintiff alleges, in pertinent part, as follows:

> 26.  Defendants Armstrong and Myers as the Supervisory Officials, they each failed to have adequate policies and Administrative Directives governing the use of force and four point restraints by their subordinates. <u>Specifically their Administrative and/or Unit Directive 6.5 Use of Force is grossly inadequate and unconstitutionally permitted the plaintiff to be four pointed to the cells bed frame and denied adequate clothing, denied a mattress, denied use of the toilet facilities, denied adequate liquids and food, denied meaningful medical care, and which ultimately left the plaintiff four pointed to the bed frame for the excessive more than 20 consecutive hours and severely tortured plaintiff.</u>
>
> 28.  Defendant Armstrong and Myers as the Supervisory Officials, they each failed to adequately train their subordinates in how to safely and properly restrain an inmate in four point restraints. Which directly caused the plaintiff on October 6 and 7, 1999 to be denied a mattress, denied adequate clothing, denied use of the toilet facilities, denied adequate liquids and food, denied meaningful medical care, and which ultimately left the plaintiff four pointed to the bed frame for, the excessive, more than 20 consecutive hours, and severely tortured the plaintiff.
>
> 31.  Plaintiff realleges and incorporates by reference each and every allegation in paragraphs 1 through 30. The defendants and each of them were personally involved and responsible for the constitutional violations in that:
>
> (a)   They participated directly in the constitutional violations;
>
> (b)   After being informed of the violations, they failed to remedy the wrong;
>
> (c)   They created a policy and custom, and they allowed the continuance of a policy and custom, under which retaliation would be inflicted against inmates who file and litigate lawsuits against Department employees, and which excessive force would be used against inmates;
>
> (d)   They were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein; and
>
> (e)   They exhibited deliberate indifference to the plaintiff's rights to failing to

4

act on information indicating that unconstitutional acts were occurring.

To demonstrate that the proposed complaint raises entirely new claims that do not relate back to the original complaint, one need only consider the evidence that the plaintiff would have to introduce at trial to prove the allegations in the proposed complaint. These require different witnesses and different documents to prove facts far different from those contained in the original or the operative complaint. A trial based on the allegations in the original complaint would logically include the testimony of the defendants, other custody staff involved in the plaintiff's restraint, as well as the testimony of Northern medical personnel concerning the specific treatment provided for the alleged physical injuries sustained. On the contrary, a trial of the proposed complaint would include evidence concerning the alleged failure to train and supervise DOC personnel and would, by necessity, involve a comprehensive inquiry into other alleged similar four-point restraint incidents, other incidents of "mistreatment" of inmates, as well as the historical background and practice of the applicable DOC Administrative Directives. There is absolutely nothing in the original complaint which puts any of the defendants on notice that they are being sued for their failure to train and supervise DOC personnel. When different "facts, evidence and witnesses" are needed, it is axiomatic that a different factual scenario is being asserted and Rule 15(c) is of no avail. See Alswanger v. Smego, 257 Conn. 58, 67 (2001) (citing Gurliacci v. Mayer, 218 Conn. 531, 549 (1991)).

A review of the pertinent case law indicates that the causes of action in the proposed complaint do not arise out of the same conduct, transaction or occurrence as the factual scenario in the original complaint. In Moore v. Baker, 989 F.2d 1129 (11th Cir. 1993), the Court of Appeals upheld the District Court's denial of the plaintiff's motion to amend. The plaintiff had sued the defendants for failure to provide informed consent concerning alternative therapies.

The plaintiff sought to amend her complaint to add a cause of action for medical malpractice. The Court of Appeals held that the denial was appropriate because "there is nothing in Moore's original complaint which makes reference to any acts of alleged negligence by Dr. Baker either before or after surgery." Id. at 1132. The court found that the new cause of action required the plaintiff "to prove completely different facts than would otherwise have been required to recover on the informed consent claim in the original complaint." Id. It further noted that the plaintiff's original complaint was "very specific" and "focus[ed] on one specific act of alleged wrong doing by the defendant. Id. at n.1.

A recent case from the Connecticut Supreme Court is also illustrative. In Alswanger v. Smego, supra, the plaintiff sued the defendant physician for lack of informed consent. After the statute of limitations expired, the plaintiff sought to amend her complaint to allege that the defendant failed to inform her that a resident would be involved in the surgery. The Supreme Court upheld the trial court's refusal to permit the amendment, finding that the amendment alleged "an act of negligence based on an different set of facts from that alleged in the original complaint." 257 Conn. at 66. Connecticut's relation back doctrine is "akin to" Rule 15(c). Id. at 74-75 (citing, Gurliacci v. Mayer, 218 Conn. 546, 547-48 (1991)).

As these cases amply demonstrate, when allegations pronouncing new claims based upon new facts and new transaction are presented, they will not relate back. The plaintiff may not amend his complaint in order to evade the statute of limitation.

**B.   Granting the Plaintiff Leave to File the Proposed Complaint Would Prejudice the Defendants**

While the defendants need not show prejudice in order to defeat a proposed futile amendment, they would clearly be prejudiced by this late addition of brand new claims. For one, the defendants were never notified that they were defending systematic failure to train and

6

supervise claims against the DOC. Clearly, some evidence, in the form of witness testimony and otherwise, is forever lost to history. At least one defendant left the country prior to the filing of the motion for leave to amend, and obtaining his input in a timely fashion for the purposes of defending the new claim is practically impossible.

## IV. CONCLUSION

The plaintiff's "proposed amended complaint" adds new counts based on a factual scenario not plead in the original complaint. Because the statute of limitations for such claims expired in 2002, these claims are time-barred and the proposed amendments are futile. For this reason, the defendants object to the plaintiff's motion for leave to amend the complaint.

DEFENDANTS
Margaret Clark, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct16304
E-Mail: matthew.beizer@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 26th day of January, 2004:

Duane Ziemba  # 128963
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

Matthew B. Beizer
Assistant Attorney General