United States District Court
District of Connecticut

FILED

2004 FEB -3  P 3: 38

Duane Zienba

vs.

Margaret Clark, et al.

Civil Action No.
3:02 cv 1609 (AWT)(DFM)

January 30, 2004

## Plaintiff's Memorandum Of Law In Opposition To Defendant's Objection To Plaintiff's Motion For Leave To Amend His Complaint

The plaintiff hereby respectfully opposes the defendant's objection dated 1/26/04 to the plaintiff's motion for leave to amend his complaint.

The defendants main objection is the following: "That the plaintiff moves to amend his complaint seeking to hold defendants Armstrong and Myers responsible for creating a pattern and practice by which the plaintiff's rights were violated by failing to train and supervise their subordinates." → The defendants falsely claim that these are new claim which

or barred by the statute of limitations.

The defendants argument is frivolous and is without legal merit. Therefore and for the following stated facts, this honorable court should deny the defendants objection and freely grant plaintiff leave to amend his complaint.

Please see plaintiff's original complaint at paragraph 8. Which states the following: "From on or about August 11, 1998 until on or about January 20, 2000, the plaintiff was incarcerated at Northern C.I. and defendants Armstrong and Myers were repeatedly asked to take steps, as the supervisory officials, to stop their agents continued retaliation against the plaintiff. Both defendants failed to act and they each approved and promoted retaliatory acts by their agents against the plaintiff. Specifically by failing to take disciplinary action or other action to stop or curb their agents retaliatory acts against plaintiff." [Failure To Supervise]

See the original complaint at paragraph 11: "Thereafter, the plaintiff for no jusified reason was sprayed with mace, excessive use of force

#2

was inflicted, and in retaliation for punitive purposes only, plaintiff was four pointed to a bed frame for an unreasonable period of time". [Failure To Train And Supervise]

See also, the original complaint at the end, at the claims for relief at D: "Grant all such other relief as the plaintiff is entitled".

The above allegations (in original complaint) are more than adequate to form the basis for the claims in the proposed amended complaint. See Koal Industries Corp. v. Asland, S.A., 808 F. Supp. 1143, 1158 (S.D.N.Y. 1992), where Judge Ward said:  As Fed. R. Civ. P. 15(c) makes clear, the amended claim need only arise "out of the conduct, transaction, or occurrence set forth ... in the original pleading". There is no requirement that the new claim must have been asserted in the original pleading. A single transaction or occurrence can give rise to numerous claims. An amendment "that changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back".
#3

The plaintiff's proposed amended complaint is in complete accordance with Rule 15, Fed.R.Civ.P. As required by Rule 15 for relation back of amendments, the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). See Seigel v. Converters Transportation, Inc., 714 F.2d 213, 216 (2d. Cir. 1983) (relation back provision of Rule 15(c) is to be liberally construed to ensure that claims are decided on the merits rather than on procedural technicalities). Moreover, it is very clear and was clear from the beginning of this lawsuit, that the whole crux of this case is that defendants Armstrong and Myers are responsible for creating a pattern/practice by which the plaintiff was retaliated against (due to his litigation) by their agents, and that they failed to train and supervise their subordinates, which caused the violations herein this lawsuit.

"The same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same 'conduct, transation or occurrence.'" Wasik v. Stevens Lincoln —

#4

Mercury, Inc., 2000 U.S. Dist. LEXIS 15438 *10 (D. Conn. March 20, 2000). "A plaintiff is generally permitted to amend his complaint after the Status of limitations has passed where he seeks to correct or elaborate upon the factual details as set forth in his original pleading." McCarthy v. Associated Clearing Bureau, Inc., 1999 U.S. Dist. LEXIS 21933 *13 (D. Conn. Sep. 3, 1999). "Amplification of previously alleged claims is one of the clearest cases for leave to amend." Wells v. Harris, 185 F.R.D. at 132.

Even if there were some doubt about the claims set forth or attempted to be set forth in the plaintiff's pro se complaint (And There Is Not) "[t]he Court 'must construe pro se pleadings broadly, and interpret them to raise the strongest arguments they suggest.'" Parsons v. Pond, 126 F. Supp. 2d 205, 207 (D. Conn. 2000)(JCH) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2nd Cir. 2000). See also Sundwall v. Leuba, 2001 U.S. Dist. LEXIS 737 *3 (D. Conn. January 23, 2001)(JCH)(same); Clark v. Tosco Corp., 2000 U.S. Dist. LEXIS 19368 *3 (D. Conn. October 17, 1998)(JCH)("The Court is bound to construe pro se complaints liberally.").

"Rule 15(a) requires that a Court's permission to

#5

amend a pleading shall be freely given when justice so requires." <u>Kim v. Convent of the Sacred Heart</u>, 1998 U.S. Dist. LEXIS 6692 *3 (D. Conn. 1998) (quoting Fed. R. Civ. P. 15(a)); <u>Conntect, Inc. v. Turbotect, Ltd.</u>, 1998 U.S. Dist. LEXIS 2354 *5 (D. Conn. 1998).

Justice requires amendment of the complaint in this case.

                Respectfully Submitted
                The Pro Se Plaintiff
                *Duane Ziemba*
                Duane Ziemba #128963
                Northern C.I.
                P.O. Box 665
                Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 30 day of January 2004:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: Duane Ziemba
Duane Ziemba

#7