FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 APR -8  P 3: 49

U.S. DISTRICT COURT
HARTFORD, CT.

DUANE ZIEMBA            :
                        :      PRISONER
   v.                   :      Case No. 3:02CV1609(AWT)(DFM)
                        :
MARGARET CLARK, et al.[1]  :


RULING AND ORDER

Plaintiff Duane Ziemba ("Ziemba") is an inmate currently confined at the Northern Correctional Institution in Somers, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Ziemba alleges that the defendants retaliated and used excessive force against him on October 6, 1999. Pending are Ziemba's motions to amend his complaint and for entry of default and the defendants' motion for extension of time.

I.   Motion for Leave to Amend [doc. #33]

Ziemba seeks leave to file a third amended complaint. In support of his motion, Ziemba states that he has eliminated the claims against defendants Holland and Faneuff that were dismissed and provided a more detailed recitation of the facts underlying

---

[1] The named defendants in the second amended complaint are Margaret Clark, John Armstrong, Larry Myers, William Faneuff and Michael Holland. The defendants are named in their individual capacities only. On December 4, 2003, the court granted the defendants' motion to dismiss as to all claims against defendants Holland and Faneuff.

his claims. The defendants oppose the motion on the ground that Ziemba is asserting a new claim that is barred by the statute of limitations. For the reasons that follow, Ziemba's motion is being denied.

Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

In the original complaint, as well as the first and second amended complaints, Ziemba asserted supervisory liability claims against defendants Armstrong and Myers. He alleged that they failed to take action in response to reports that staff members were using excessive force against him in retaliation for his filing lawsuits and that they failed to properly supervise the correctional officers using excessive force against him. All claims are specific to incidents involving Ziemba. The referenced incidents occurred in October 1999. In the proposed

third amended complaint, Ziemba adds a claim challenging institutional policies and Administrative Directives that allegedly permitted the retaliatory actions taken against him.

Ziemba argues that he merely has amplified his previous claims. The court disagrees. To succeed on his constitutional challenge to institutional policies and Administrative Directives, Ziemba must present evidence as to all uses of force arguably permitted by these policies and directives occurring during the relevant time period, not merely the October 1999 incidents of use of force against him that are included in the operative, second amended complaint. Ziemba refers to portions of his original complaint to support his argument that this claim always has been part of his complaint. The court has reviewed the referenced sections and concludes that all previously filed complaints included only claims specific to Ziemba. They did not include a challenge to institutional policies and the Administrative Directives themselves.

Although there are certain discovery matters that remain to be resolved, the time for conducting discovery has passed. Permitting Ziemba to amend his complaint to include this new claim would require reopening of discovery and unduly delay resolution of this case.

Finally, the defendants argue that inclusion of this claim would be unduly prejudicial to them. They note that one of the defendants currently is overseas and cannot be consulted regarding the new claim. Also, because the detailed incidents occurred nearly five years ago, witnesses and evidence regarding institutional policies and practices at that time may have been lost.

The court concludes that the proposed third amended complaint attempts to include a new claim that would be unduly prejudicial to the defendants and would unduly delay resolution of this case. Accordingly, Ziemba's motion for leave to file a third amended complaint is denied.

II. Motions for Entry of Default Judgment and Extension of Time [docs. ##37, 38, 40, 41]

Ziemba has filed three motions asking the court to enter default judgment against the defendants for failure to respond to all outstanding discovery requests by January 4, 2004, the time limit established by the court in its ruling granting in part the defendants' motion to dismiss. In response, the defendants state that they have not responded because Ziemba filed his motion for leave to file a third amended complaint, and they seek an extension of time to thirty days after the date the court rules on the motion for leave to amend to respond to outstanding discovery.

The proposed third amended complaint included all of the claims remaining in the second amended complaint. Thus, the court's ruling on Ziemba's motion for leave to file the third amended complaint has no impact on discovery requested on those claims. However, entry of default is a prerequisite to a default judgment under Rule 55(b). <u>See, e.g.</u>, <u>Vongrabe v. Sprint PCS</u>, ___ F. Supp. 2d ___, 2004 WL 722719, at *5 (S.D. Cal. Mar. 29, 2004). Here default has not entered. Thus, Ziemba's motions for default judgment are being denied without prejudice as premature.

The defendants' motion for extension of time is being granted. They shall respond to all outstanding discovery within thirty days from the date of this order.

III. <u>Conclusion</u>

Ziemba's motions to amend [**doc. #33**] and for entry of default [**docs. ##37, 38, 41**] are hereby **DENIED**. The defendants' motion for extension of time [**doc. #40**] is hereby **GRANTED**. The defendants shall respond to all outstanding discovery within **thirty (30)** days from the date of this order and any motions for summary judgment shall be filed within **sixty (60)** days from the date of this order.

5

It is so ordered.

Dated this  8th  day of April 2004 at Hartford, Connecticut.

                                                            /s/ Alvin W. Thompson
                                                        Alvin W. Thompson
                                         United States District Judge