<u>United States District Court</u> **FILED**
<u>District Of Connecticut</u>

2004 JUL -9 P 4: 28

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Duane Ziemba | Civil Action No.
| 3:02 cv 1609 (AWT)(DFM)
VS. |
|
Margaret Clark, etal. | July 4, 2004

<u>Memorandum Of Law In Support of</u>
<u>Motion Compelling Discovery</u>

## I. <u>Nature Of Lawsuit</u>

This is a lawsuit arising out of the defendants acts of retaliation, excessive use of force and use of four point restraints to torture the plaintiff.

## II. <u>Facts</u>

The plaintiff served interrogatories on defendant Clark dated August 25, 2003.    Defendant Clark filed responses thereto dated April 29, 2004. Please see Exhibits A.
The interrogatory responses are evasive

3

and thereby constitute a failure to
disclose, answer and respond
(See Fed. R. Civ. P. 37. (3) ).    The plaintiff
in good faith prior to filing this motion,
he respectfully sent counsel for the
defendants a letter dated June 9, 2004
attempting to informally resolve this
matter. Counsel has failed and refused
to respond and/or resolve matter.
Please See Exhibit B, the June 9, 2004
letter.

## III. Legal Argument

Fed. R. Civ. P. 37. (3), Evasive or Incomplete
Disclosure, Answer, or Response. For
purposes of this subdivision an evasive
or incomplete disclosure, answer, or
response is to be treated as a
failure to disclose, answer, or respond.

See Exhibit A. interrogatory No. 3.
Which States: "Please refer to the
records of lawsuit Ziemba V. Armstrong,
No. 3:98 cv 2344 (JCH) (HBF) and state the
date that you were served with this

4                          #2

lawsuit". Defendant Clark responded claiming that: "She does not know the date that she was served with said suit". This response constitutes an evasive answer and failure to respond. Because this defendant can refer to records and provide an answer. This interrogatory is highly relevant to the claims herein this lawsuit, due to the claims herein are that this defendants inflicted very serious unconstitutional retaliation against the plaintiff due to plaintiff suing her in lawsuit 3:98 cv 2344. Therefore it is in fact essential that this defendant provides an answer to this interrogatory by stating the specific date she was served with lawsuit 3:98 cv 2344.

See Exhibit A. Interrogatory No. 7. Which states: "On October 6 and 7, 1999, when the plaintiff was four-pointed, identify by full name and job title, the date and time of each person who made restraint observations and who checked the plaintiff. Please do not state you do not know, Fed. R. Civ. P. legally mandates for

to find out this essential information
and for you to produce it."
Defendant Clark responded claiming
that: "She does not know the name(s) of
the Correctional Officials who made
restraint observations of the plaintiff."
This response Constitutes an evasive
answer and failure to respond.
Because this defendant can refer to
the records and provide an answer.
For the trial of this case this information
is highly relevant and essential.
Because it directly involves the claims
in this case, that the plaintiff was
physically tortured in the four-point
restraints.

   Wherefore, this honorable Court should
order defendant Clark to re-file
non-evasive responses to interrogatories
No. 3 and 7.

                    Respectfully Submitted
                    Duane Ziemba
                    Duane Ziemba # 128963
                    Northern C.I. Box 665
                    Somers, CT. 06071

6                        #4

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of July 2004:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. ~~060~~ 06105

By: Duane Ziembo
Duane Ziemba

7                              #5

# EXHIBIT A

Matthew B. Beizer                    August 25, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105


Ziemba V. Clark, ET AL.
No. 3:02 cv 1609 (AWT)(DFM)

DEFENDANT'S RESPONSE TO

## Interrogatories Served On Defendant Margaret Clark

Pursuant to Rule 33 and 34, Fed.R.Civ.P., defendant Clark is directed to answer each of the following interrogatories in writing under oath and produce each of the requested documents, within 30 days.


1. As a Correctional Head Nurse, please in detail state what are your supervisory responsibilities, and produce all documents which state these responsibilities or pertain to your job title.

See attached.

2. State the extent of your formal education.

See attached.

3. Please refer to the records of lawsuit

8

(2)

Ziemba V. Armstrong No. 3:98 cv 2344 (JCH)(HBF) and State the date that You were Served With this lawsuit.

See attached.

4. Did you receive a copy of the lawsuit complaint involving Civil action No. 3:98 cv 2344.

See attached.

5. During your employment with the D.O.C, please clearly and Specifically State the number of times that you have been Sued due to your Unconstitutional actions.

See attached.

6. State the number of years that you have had your drinking and drug problems.

See attached.

7. On October 6 and 7, 1999, When the plaintiff was four-pointed, identify by full name and job title, the date and time of each person who made restraint Observation and who Checked the plaintiff. Please do not State you do not Know, Fed. R. Civ. P. legally mandates for you to find out this essential information and for you to produce it.

See attached.

8. Identify by full name, date and incident, each inmate that you witnessed being abused in four point restraints. Because

9

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

DUANE ZIEMBA : PRISONER
: CIVIL NO. 3:02CV1609 (AWT) (DFM)

v. :

MARGARET CLARK, ET AL. : APRIL 29, 2004

## DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES SERVED ON DEFENDANT MARGARET CLARK

1. As a correctional head nurse, I perform standard nursing responsibilities and duties. When I am on duty with nursing staff who are not supervisors, I have supervisory responsibilities over those members of nursing staff.

2. Objection. Request is not reasonably calculated to lead to the discovery of admissible evidence.

3. The undersigned admits being served with the referenced lawsuit. The undersigned does not know the date that she was served with said suit.

4. Yes.

5. Objection. Request is not reasonably calculated to lead to the discovery of admissible evidence.

6. Objection. Request is not reasonably calculated to lead to the discovery of admissible evidence.

7. The undersigned does not know the name(s) of the correctional officials who made restraint observations of the plaintiff. The plaintiff has access to his medical file and incident reports pertinent to this incident which would document these individuals.

8.    Objection.  Request is not reasonably calculated to lead to the discovery of admissible evidence.

9.    Objection.  Request is not reasonably calculated to lead to the discovery of admissible evidence.

## VERIFICATION

I, Margaret Clark, hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
Margaret Clark

Subscribed and sworn to, before me, this __18__ day of __May_____, 2004.

_____
Notary Public / Commissioner of the Superior Court

**MARK R. SUSE**
**NOTARY PUBLIC**
**MY COMMISSION EXPIRES 03/31/2007**

2

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed to the following on this 4th

day of ~~May~~ June, 2004:

Duane Ziemba  # 128963
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

_____
Matthew B. Beizer
Assistant Attorney General

3

13

# EXHIBIT B

Matthew B. Beizer                June 9, 2004
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Re: Ziemba V. Clark, No. 3:02 cv 1609 (AWT)(DFM)
Attempted Informal Discovery Resolution

Dear Attorney Beizer

    This is an attempted informal discovery resolution, pertaining to the interrogatories served on defendant Clark dated August 25, 2003. And Defendant Clark's responses thereto dated April 29, 2004.

    Fed. R. Civ. P. 37. (3) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

    Number 3. States: Please refer to the records of lawsuit Ziemba V. Armstrong, No. 3:98 cv 2344 (JCH)(HBF) and State the date

14

that you were served with this lawsuit.
Defendant Clark responded claiming that
"She does not know the date that she was
served with said suit".
This response constitutes an evasive
answer and failure to respond. Because
this defendant can refer to records and
answer this essential interrogatory.

    Number 7. States: On October 6 and 7, 1999,
when the plaintiff was four-pointed, identify
by full name and job title, the date and
time of each person who made restraint
observation and who checked the plaintiff.
Please do not state you do not know,
Fed. R. Civ. P. legally mandates for you to find
out this essential information and for you
to produce it.
Defendant Clark responded claiming "that
She does not know the name(s) of the
Correctional officials who made restraint
observations of the plaintiff."
This response constitutes an evasive
answer and failure to respond. Because
this defendant can refer to records and
answer this essential interrogatory.

15

#2

Respectfully Submitted

Duane Ziemba

Duane Ziemba # 128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of June 2004:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 0607 06105

By: Duane Ziemba
Duane Ziemba

16

# 3