United States District Court
District Of Connecticut

FILED
2005 JAN 12 P 4:47
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Duane Ziemba | Civil Action No.
| 3:02 cv 1609 (AWT)(DFM)
vs. |
|
Margaret Clark, et al. | January 3 2005

Affidavit Of Duane Ziemba In Support
Of Plaintiff's Opposition To Defendants'
Motion For Summary Judgment

I, Duane Ziemba, hereby declare under penalty of perjury:

1. This affidavit sets forth the chronological order of material facts of the act's of retaliation against me by the Northern C.I. prison officials, and by the defendants herein this present case.

2. Prior to this case -- at Northern on August 12 and 13, 1998 Captain Mangiafico on video assaulted me. Then Northern prison officials seriously unlawfully abused me in four point

restraints for more than 22 consecutive hours. See Exhibit 1, 2 and 3 and Defs' Mem., Attachment C.

3. Due to I filed complaints (on above) and had complaints filed, to the CT. State Police, the Commissioner's office and others, it resulted in Northern Captain Mangiafico being suspended, with disciplinary action, and him being reassigned out of Northern. See Exhibit 1 and Defs' Mem., Attachment C.

4. It was a well known fact that Captain Mangiafico was very popular at Northern, and he had alot of friends at Northern. (Who viciously retaliated against me leading up to this case).

5. Id. Following the (Northern) August 12 and 13, 1998 incidents the Northern prison officials were extremely hostile towards me -- Specifically including defendant Clark who is a defendant in the prior action (See Exhibit 1) and in this present case, they viciously blamed me for having their friend "Captain Mangiafico" disciplined and reassigned out of Northern. They made me really fear for my life and safety.

#2

6. <u>Id.</u> My family members understood my justified true fear. Therefore my mother Pamela Ziemba sent a letter dated September 1, 1998 to defendant Commissioner Armstrong. Which in part states: "Please, you are the only one to stop this travesty, my son is being destroyed, please step in". See Exhibit 5. Defendant Armstrong responded ostentatiously by his letter dated September 11, 1998 and stated: "thank you for sharing your thoughts". See also Exhibit 5. Despite defendant Armstrong receiving Ms. Ziemba's letter, he failed to remove me from Northern the known extremely hostile and dangerous environment, and he failed utterly to take action to remedy the wrong and to stop the serious retaliation by his staff, and he failed to take any form of action to protect me.

7. At Northern -- I filed an emergency grievance dated: August 31, 1998 that states; "A very high number of Northern officials are extremely biased against me and have a vandetta against me, the facts are stated, this grievance is on officials forcing me to stay at Northern, this is deliberate indifference, gross negligence". See Exhibit 6. Despite my filing this emergency

#3

grievance, defendant Armstrong still failed to remove me from Northern, the known extremely hostile and dangerous environment.

8. September 1, 1998 I sent defendant Armstrong a letter stating: "At Northern one day after being transferred here on 8/12/98 I was assaulted by staff and seriously abused, when are you John Armstrong as the Commissioner a Supervisory Official going to stop ignoring this abuse by DOC Staff." See Exhibit 6. Despite this letter of "notice" defendant Armstrong still failed to remove me from Northern, the extremely hostile and dangerous environment.

9. September 3, 1998 I sent defendant Armstrong a letter stating: "to cover up the corruption, the staff abuse of inmates, and the gross staff misconduct, you have in official letters evidence shows out right lied, when are you as the Commissioner going to stop this abuse by staff and the unlawful acts?" See Exhibit 6. Despite this letter of "notice" defendant Armstrong still failed to take any action to remedy the wrong.

#4

10. On September 14, 1998 I sent, yet another letter to defendant Armstrong and stated: "Why are you forcing me to live in the exact same setting that I was just assaulted and seriously abused by officials"? See Exhibit 6. Despite this letter of clear "notice" defendant Armstrong failed to remove me from Northern, the extremely hostile and dangerous environment.

11. Prior to this case -- in further retaliation against me on September 27, 1998 the Northern prison officials, **In fact**, tampered with the food that they gave to me. They put pieces of razor blades in my food. I sustained very serious injuries. See Exhibit 7. Defendant Armstrong was informed of this grave and sick further retaliation by his staff. See Exhibit 7, his October 20, 1998 letter to me. Defendant Armstrong did order his staff to pull "damage control" and to (try), cover up this unlawfulness. See Exhibit 7, the Uconn Diagnostic Radiologic Report 9-30-98, that states how there is: "A metallic artifact projected over the pelvic region". (emphasis added). This was due to I swallowed pieces of razor not knowing so, before piece had cut the inside of

#5

my throat. Now See Exhibit 7, Memorandum by Armstrong's agent Dr. Edward Blanchette, (See also Defs' Mem., Attachment E, Same Memorandum) this corrupt lying M.D. Stated: "A follow-up abdominal x-ray, done 9/30/98, was difficult to interpret because a zipper was projected over the pelvic area. Nevertheless, there were no obvious metal fragments seen (We know that this is blatant lie due to Uconn x-ray showed metallic fragment inside me) consistent with razor blade remnants." Shockingly he continues to overtly lie by stating: "Metal fragments are easily seen on x-ray and would have been evident (But They were) if razor blade pieces had actually been swallowed." Moreover: the Uconn x-ray is indisputable evidence that this M.D. lied.    Despite these very grave facts defendant Armstrong still failed to remove me from Northern, the extremely hostile and dangerous environment.

12. At Northern the retaliation against me continued. On February 16, 1999 I filed an emergency grievance stating following facts: "Copies sent to Commissioner Armstrong and Warden Myers (defendants), emergency please

#6

immediately move me out of West 2 unit away from Captain DeGray, because this captain is inflicting severe retaliation against me. He has repeatedly threatened me, has repeatedly recklessly searched me/my cell, etc, etc., due to he is best friends with Captain Mangiafico". See facts: Defendant Myers unjustly denied this grievance, Exhibit 8. Both defendants Armstrong and Myers failed to take action to stop the retaliation, and they failed to remove me from Northern the hostile/dangerous environment.

13. At Northern I sent a letter dated February 19, 1999 – with attached emergency grievance to defendants Armstrong and Myers stating the fact of: "My life, safety and well being is in immenent danger". Despite this emergency grievance these 2 defendants still failed to remove me from the hostile and dangerous "Northern" environment. See Exhibit 9.

14. At Northern I filed, yet another, emergency grievance dated February 27, 1999 and stated the following facts: "See my 2/16/99 and 2/21/99 emergency grievances, copies to Commissioner Armstrong and Warden Myers. Because of my

#7

filing complaints, my having State Police investigate and D.O.C. Captain Mangiafico does not work here anymore. His friend Captain DeGray is inflicting very serious retaliation against me. He has threatened my life, he has stolen my legal material, he keeps searching my cell, has guards threatening me, etc. This is a justified emergency grievance. Please take action to stop the confirmed retaliation. My life's been threatened." Incredibly, defendant Myers responded to this grievance stating: "Non-Grievable". See Exhibit 10. Copy went to defendant Armstrong, and incredibly both defendants Armstrong and Myers failed to remove me from Northern, the extremely hostile and dangerous environment.

15. At Northern in further blatant retaliation against me —— violent excessive force was was used on me, and following the excessive force (in sole retaliation, I did not violate any prison rules, or misbehave in anyway whatsoever facts prove)  they chained me down to a steel bed frame by my hands and feet, painfully spread eagle.  All the evidence clearly proves that for more than 25 consecutive hours they profoundly physically tortured me in these restraints. See

#8

these facts Exhibit 11, the Interrogatories Served on Defendant Myers, in Separate Civil action No. 3:01 cv 2166 (JCH)(HBF) -- these 14 Medical Incident Reports prove that in the restraints I was calm, peacefully kind to Staff, and despite these facts they still tortured me profoundly. I was never during the entire 25+ hour restraint released for even the short time needed to use the bathroom, thereby forced to urinate on myself and deliberately left chained down soaked in cold urine. Deliberately denied needed medical care for my injuries, deliberately denied a mattress, deliberately denied food and liquids, and deliberately denied clothing. Moreover: these are facts of retaliation I swear to under oath and that pertain to "prior" retaliatory violations in - Civil Action No. Ziemba v. Armstrong, No. 3:01 cv 2166 (JCH)(HBF) -- wherein both defendants Armstrong and Myers are (also) defendants. Evidence of they both knew to a moral certainty that their subordinates were inflicting severe - unconstitutional - retaliation against me, but they intentionally failed to stop it. And they intentionally failed to remove me from Northern, the known extremely hostile and dangerous environment.

#9

16. Prior to this case -- at Northern in further overt retaliation on March 4, 1999 all of my legal material property was taken from me. When it was returned on March 8, 1999 a high volume of it had been intentionally stolen. See Exhibit 12.

17. At Northern on March 29, 1999 I filed yet another emergency grievance and I stated the following facts: "I requested to be moved out of West 2 Unit where repeatedly I have been threatened, abused, damaged and seriously retaliated against by Staff. Warden Myers and all others deliberately have exposed me to extreme hostility and retaliation by leaving me in West 2 Unit. On above date I was talking to Captain DeGray about a move, Counselor Perkins stated fuck no we are going to chain you to a bed again." Incredibly, defendant Myers unjustly denied this grievance continuing to condone the retaliation. See Exhibit 13.

18. At Northern on September 9, 1999 I filed a grievance pertaining to the facts of Northern prison officials were so extremely hostile towards me, that they were very deliberately

#10

denying me my needed medication. Incredibly, it is once again defendant Myers who condoned this serious retaliation. See Exhibit 14.

19. At Northern on September 9, 1999 I filed a grievance pertaining to the facts of the Northern prison officials are so hostile towards me, were inflicting such serious retaliation against me, they refused to even provide me my needed glasses. Once again it is defendant Myers who condoned the overt retaliation. See Exhibit 15.

20. At Northern -- in further overt retaliation on September 15, 1999 the Northern prison officials again tampered with my food. Once again it is defendant Myers who condoned this overt on-going retaliation. See Exhibit 16.

21. Prior to this case -- At Northern -- <u>Only 20 days before</u> the retaliatory violations herein this lawsuit, on September 16, 1999 in vengeful retaliation the Northern prison officials assaulted me, and (once again) they four pointed me to a steel bed frame by my hands and feet, painfully spread eagle, for a insanely

#11

excessive more than 23 consecutive hours. Ostensibly during this long restraint medical staff checked me. Deliberately I was denied a mattress, adequate clothing, food, liquids, medical care for injuries, and use of the bathroom. They (again) forced me to urinate on myself while chained down, then they left me soaked in the urine. Despite the fact that I was calm and 100% peaceful (all of the documentation proves these facts), they still used these restraints excessively and to very intentionally physically torture me. See Exhibit 17. And it is once again defendant Myers who condoned the profound abuse, torture, injuries and retaliation. He signed and unjustly denied the 2 grevances relevant hereto. See Exhibit 17. Only 20 days before the retaliatory violations in this lawsuit. (Emphasis Added).

22. I am a non-violent offender. And I have not assaulted nor hurt any DOC staff while incarcerated. The foregoing described four point restraints were totally unjustified and retaliatory acts against me.

#12

23. On September 27, 1999 at Uconn I received major foot surgery on my right foot. When I awoke in the recovery room, a shackle was on my leg which just had the surgery and it was excessively too tight. It was Northern guard Pepe, who inflicted this grotesque conduct. When I pleaded for him to loosen it he stated to me: "I deserve the pain it's causing me for my suing him".
Once again, it is defendant Myers who overtly condoned the retaliation -- abuse. He signed and unjustly denied the grievance on this matter. See Exhibit 18.

## Direct Facts Of This Case

24. On September 29, 1999 at Northern I was housed in 2-West Unit in cell #121, and the toilet was broken. For over a week I verbally addressed this matter with all unit staff. They laughed at me, they thought it was funny to keep me locked in the cell with a broken toilet. I filed emergency grievance on this matter dated September 29, 1999 and sent a copy to defendants Armstrong and Myers, and I appealed this grievance to level 2 on October

#13

2, 1999 and level 3 on October 5, 1999. It was not acted on. See Exhibit 19.
On October 1, 1999 I filed 2nd emergency grievance on matter and sent copies to defendants Armstrong and Myers, but it was not acted on. See Exhibit 19. On October 3, 1999 I filed 3rd emergency grievance on matter, it also was not acted on. See Exhibit 19. And on October 4, 1999 I filed a 4th emergency grievance on matter and sent copies to defendants Armstrong and Myers, but it was not acted on. See Exhibit 19. The cell toilet on October 6, 1999 flooded over and the water flooded cell and tier.

25. Defendant Clark is also a defendant in prior action: Ziemba v. Armstrong, No. 3:98 cv 2344 (JCH)(HBF) — Case was filed on December 2, 1998. See Exhibit 26. Defendant Clark was extremely hostile towards me due to I am suing her in this "prior action". And I witnessed her very aggressively promote retaliation against me by her fellow employees, as is described specifically in this foregoing affidavit. She told her fellow employees that "I'm an asshole suing her", "for them to give me nothing I need", and made them hostile towards me also.

#14

26. On October 6, 1999, I was peacefully sitting in cell, when in further retaliation against me by the Northern prison officials — defendant Clark viciously told me the following: "That she is having me chained down because I'm suing her." Then in order to, in fact, "have me chained down" — in sole retaliation — Clark went and lied and she falsified documents alleging that I was; "Kicking the cell wall with my ® post surgery foot." Which did directly result in custody staff totally unjustified spraying me with mace (See Video), using excessive force, and my being "chained down" to bed frame (See Video). See these facts in Pl's Am. Compl. at 17, 18, 19, 20, 21, 22, 24, 25, 26, 27 and 28. And Exhibits 20, 21, 22, 23 and 24.

27. During this same time Captain Faneuff told me: "They are going to make me sorry for suing the D.O.C." Pl's Am. Compl. at 20.

28. On October 6, 1999, I did not ever violate any prison rules, I did not assault or

#15

attempt to assault anyone, I did not in anyway whatsoever ever threaten to or harm myself, and I did not destroy any property. It's a blatant lie by defendant Clark that I was kicking the cell wall.

29. On October 6, 1999, I was very calmly sitting in the cell (see video), when for no justified reason I was maced two (2) times. Then excessive force was used by the Northern prison officials. They attempted to break my arm, and violently assaulted me in my face, making my mouth bleed. And by in sole retaliation four pointing me to the bed frame for an excessive more than 20 consecutive hours.

30. On October 6 and 7, 1999 when they maced me and then four pointed me, deliberately they failed to adequately decontaminate my body from the tear gas. See video: they only put my face under the shower water, they never put my mace covered body under the water. Which resulted in my whole body seriously burning during the 20 hour and 30 minute long four point restraint. And

#16

which caused my skin to become painfully raw in areas all over my body. Deliberately they four pointed me and locked me in the cell that was full of mace. Deliberately they denied me a mattress and tightly four pointed me down to the hard bed frame, with my limbs painfully spread eagle.   Deliberately they cut all my clothing off me providing me only paper gown/sheet in the extremely cold cell, deliberately they denied me food, fed me only once. Deliberately they denied me liquids. Deliberately they denied me use of toilet forcing me to urinate on myself and then left me soaked in urine. Additionally the cell toilet was broken backed up full of human wast. And despite the fact of I (all documentation proves) was calm and very respectful to staff, totally unjustifiably they still left me painfully four pointed for an excessive 20 hours and 30 minutes. I was intentionally — in retaliation — severely physically tortured. See video, Pl.'s Am. Compl. at 17, 18, 19, 20, 21, 22, 24, 25, 26, 27 and 28, and Exhibits 20, 21, 22, 23 and 24.

#17

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Signed: *Duane Ziemba*
Duane Ziemba

Sworn and subscribed before me on this 1st day of October, 2004.

*Christopher Kay* my commission expires 1/31/08
Notary Public

#18

Respectfully Submitted
The Plaintiff
*Duane Ziemba*
Duane Ziemba #128963
Garner C.I.
50 Nunnawauk Road
Newtown, CT. 06470

Certification

I hereby certify that a copy of the foregoing was mailed to the following on this   3rd   day of   January 2005  :

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
    Duane Ziemba

#19