United States District Court **FILED**
District Of Connecticut

2005 JAN 12 P 4: 47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Duane Zienba                    Civil Action No.
                                3:02 cv 1609 (AWT)(DFM)

vs.

Margaret Clark, et al.          January 3, 2004

### Plaintiff's Local Rule 56 (a) 2 Statement

1. Admitted.

2. Admitted.

3. Denied. Defendant Armstrong did have knowledge and clear notice (as Supervisory Official) of the incident(s) at Northern, Specifically the Unconstitutional retaliation being inflicted against the plaintiff by his Northern agents. And he knowingly left plaintiff in the extremely hostile and dangerous environment. (See Pl.'s entire Aff. and Exhibits Aff. makes reference to.).

4. Denied. Defendant Myers as Supervisory Official, just like Armstrong, did in fact have

Knowledge and clear notice of the incident(s) at Northern, specifically the Unconstitutional retaliation being inflicted against plaintiff by his agents. And he knowingly left plaintiff in the extremely hostile and dangerous environment. (See Pl.'s Aff. and Exhibits Aff. makes reference to).

5. Admitted.

6. Denied. Officer Wilbur Strozier's report is a false fabricated report. (See Pl.'s Aff. at 26, 27 and 28. And Exhibits 20, 21, 22, 23 and 24). Plaintiff did not ever punch or kick his cell door.

7. Denied. The decision to place plaintiff into four point restraints was not made by Lieutenant Casey. It was a direct result of defendant Clark in retaliation viciously telling plaintiff: "That she is having him chained down because he's suing her." Pl.'s Am. Compl. at 18. Pl.'s Aff. at 26. And Exhibits 20 and 22. And defendant Clark lied and falsified documents (See Exhibit 24) claiming: "Plaintiff was kicking wall" - - in order to in retaliation have him chained down. See Pl.'s Am. Compl. at 17, 18, 19, 20, 21, 22, 24, 25, 26, 27 and 28. And Pl.'s

-2-

Aff. at 25, 26, 27, 28, 29 and 30. And Exhibits 20, 21, 22, 23 and 24.

8. Admitted.

9. Denied. Defendant Clark did, in fact, play a role in plaintiff's placement into the four point restraints. See Pl.'s Am. Compl. at 17, 18 and 19. Pl.'s Aff. at 25 and 26. And Exhibits 20, 22 and 24.

Disputed Issues Of Material Fact

10. The facts and evidence of prior action: Ziemba V. Armstrong, et al. (JCH)(HBF) — are tremendously relevant hereto this subsequent case. See Exhibit 1., Am. Compl. and Defs' Mem., Attachment C.

11. In the prior action: 3:98 cv 2344 (JCH)(HBF) — Exhibit 1. Following the beating and restraint of plaintiff the Department's own Security Division (Defs' Mem. Attachment C) found that the Senior Supervisory Official in charge, Captian Mangiafico intentionally used excessive force against plaintiff by striking him in his face, and that 3 guards on scene "failed to truthfully report what took place", and that

-3-

despite plaintiff's complaints of injuries the Northern medical staff (defendant nurse Clark who is defendant in both cases) "neglect[ed] to do a thorough assessment of plaintiff" and failed to document the results. Exhibit 1.

12. Id. Incredibly, despite the Security Division's findings concerning Captain Mangiafico striking plaintiff, and the "neglect of medical staff" (defendant Clark), and despite the totally unjustified length of the restraint, and despite the remaining staff members failure to tell the truth -- defendant Armstrong admittedly the DOC official responsible for imposing discipline upon his staff, he rejected all of his Security Division's findings and blatantly he condoned these unlawful violations. Armstrong Depo., Exhibit 2, at 15-16; 185-94; 234-37.

13. Id. Defendant Armstrong's legally unacceptable response to all of the prior (Northern agents) serious violations, was; (1) he blatantly rejected all findings; (2) he knowingly with deliberate indifference to plaintiff's life, safety and well being failed to remove him from Northern the extremely hostile and

-4-

dangerous environment; (3) he failed to take any meaningful discipline against his agents guilty (namely defendant Clark); (4) he failed to remedy the wrong(s); (5) he failed to hold anyone accountable for the excessive force against plaintiff; and (6) he failed to hold anyone accountable for the medical indifference and neglect. Exhibit 1, and Armstrong Depo., Exhibit 2, at 15-16; 185-94; 234-37.

14. The Northern prison officials were inflicting severe acts of retaliation against plaintiff due to his Constitutionally protected litigation, filing grievances and complaints. Plaintiff's Am. Compl. Pl.'s entire Aff. in Supp. and all of the Exhibits Pl.'s Aff. makes reference to.

15. Defendant Armstrong and Myers failed to take action to stop their Northern agents retaliation against plaintiff, after being placed on actual and constructive notice of the Unconstitutional retaliation. Pl.'s Am. Compl. at 11, 12, 13, 14, 15, 16 and 30. Pl.'s Aff. in Supp. entirely and all Exhibits Aff. makes reference to.

-5-

16. Id. Both defendants Armstrong and Myers knowing and intentionally failed to take action to remove plaintiff from the extremely hostile and dangerous environment at Northern. Pl.'s Am. Compl. 11, 12, 13, 14, 15, 16 and 30. Pl.'s Aff. in Supp. entirely and Exhibits Aff. makes reference to.

17. Id. Defendant Armstrong and Myers' agent, defendant Clark on October 6, 1999 she viciously told plaintiff: "That she is having him chained down because he is suing her." Pl.'s Am. Compl. at 18. Pl.'s Aff. in Supp. at 26. And Exhibit 20.

18. Id. Defendant Clark in sole retaliation to have plaintiff: "Chained down", she lied and falsified documents claiming plaintiff was "Kicking his ® post surgery foot on wall," and she ordered: "New order for 4 point restraints." See Exhibit 20 and 24.

19. Id. During same time Captain Faneuff told plaintiff: "They are going to make him sorry for suing the D.O.C." Pl.'s Am. Compl. at 20., and Pl.'s Aff. at 27.

-6-

20. Id. October 6, 1999 plaintiff did not ever violate any prison rules, he did not assault or attempt to assault anyone, he did not in anyway whatsoever ever threaten to or harm himself and he did not destroy any property. There was no justified reason to mace plaintiff, use force on him and to four point him for 20 ½ hours. Pl.'s Aff. in Supp. at 28., and See video.

21. October 6, 1999 plaintiff was very calmly sitting in the cell (See Video) when for no justified reason he was maced two times. Video.

22. Id. October 6, 1999 after plaintiff was maced, totally unnecessary physical force was used against him, by Northern agents attempting to break his arm, and violently assaulting him in face, making his mouth bleed. See Video and Pl.'s Aff. in Supp. at 29.

23. Id. October 6, 1999 after plaintiff being maced he was not adequately decontaminated from mace. Only his face was put under the shower water. Resulting in his whole body seriously burning during 20½ hour restraint.

-7-

And caused his skin to become raw in areas all over his body. Further, he was lock in cell (four pointed) in a cell full of mace. See Video, and Pl.'s Aff. in Supp. at 30.

24. Id. October 6, 1999 in retaliation plaintiff was four pointed to bed frame and despite fact that he was calm and very respectful to Staff — — he was still totally unjustifiably left four pointed for an excessive 20½ consecutive hours. See Video., Pl.'s Am. Compl. at 17, 18, 19, 20, 21, 22, 24, 25, 26, 27 and 28, Exhibits 20, 21, 22, 23 and 24, and Pl.'s Aff. in Supp. at 30.

25. Id. During the long restraint plaintiff was denied a mattress. See Video.

26. Id. During the long restraint plaintiff was denied adequate clothing in very cold cell, and provided only a paper gown and sheet. See Video.

27. Id. During the long restraint plaintiff was painfully spread eagle by his limbs. See Video.

-8-

28. Id. During the long restraint plaintiff was denied food, and fed only once. Pl.'s Aff. in Supp. at 30.

29. Id. During the long restraint plaintiff was denied use of the toilet thereby forced to urinate on himself, and then left soaked in urine. Pl.'s Aff. in Supp. at 30.

30. Id. During the long restraint plaintiff was locked in a cell with broken backed up toilet, full of human wast. Pl.'s Aff. in Supp. at 30., and Exhibit 21.

31. Id. During the long 20½ hour four point restraint of plaintiff, he was intentionally, in retaliation, severely physically tortured. Pl.'s Aff. in Supp. at 30, and Exhibits 20, 21, 22, 23 and 24.

Respectfully Submitted
The Plaintiff
*Duane Ziemba*
Duane Ziemba #128963
Garner C.I. 50 Nunnawauk Rd.
Newtown, CT. 06470

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of January 2005:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba