UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JAN 24 A 10: 33

DUANE ZIEMBA
:
: PRISONER
v. : Case No. 3:02CV1609(AWT)
:
MARGARET CLARK, et al. :

RULING AND ORDER

Plaintiff has filed a motion to compel defendant Clark to file non-evasive responses to two interrogatories dated August 25, 2003. For the reasons that follow, plaintiff's motion is denied.

First, Ziemba objects to the response to interrogatory 3, which asks for the date upon which defendant Clark was served with the complaint in Ziemba v. Armstrong, 3:98cv2344 (JCH)(hereinafter "the other lawsuit"). He states that the response is important to establish his claim in this case that remarks made by defendant Clark on October 6, 1999 were made in retaliation for being named as a defendant in the other lawsuit. Defendant Clark has stated that she does not recall the date upon which she was served.

Service was effected on defendant Clark by mail. The court assumes that Ziemba seeks the date defendant Clark received the service packet. Although that precise date is not available in the court records, other obtainable information suggests that the date would not assist Ziemba. Ziemba did not file an amended complaint adding defendant Clark as a defendant in the other

lawsuit until July 24, 2000, eight months after the incident that gives rise to this case. He did not return the required documentation to enable the U.S. Marshal to effect service until October 2000, one year after the incident. Thus, defendant Clark would not have received notice that she was named as a defendant in the other lawsuit until more than a year after the incident about which the plaintiff complains in this case. Thus, the exact date upon which defendant Clark was served in the other lawsuit could not show any retaliatory motive on October 6, 1999. In any event, Clark has answered the interrogatory.

In the second interrogatory, Ziemba asks defendant Clark to identify all persons who made restraint observations on October 6 and 7, 1999. Defendant Clark responded that the information was available to Ziemba in his medical file. Ziemba has submitted this information in response to defendants' motion for summary judgment. (See Pl.'s Mem. Opp. Mot. Summ. J. Ex. 25.) Thus, he already has the information he seeks.

For the reasons set forth above, the plaintiff's motion to compel [**doc. #55**] is **DENIED**.

**SO ORDERED** this 21st day of January, 2005 at Hartford, Connecticut.

DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

2