**MANDATE**

CTDC(nhct)
02 cv 1609
Thompson

FILED

2006 MAR 27 P 2: 26

U.S.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 15th day of February two thousand and six.

PRESENT:

>     HON. DENNIS JACOBS,
>     HON. JOSÉ A. CABRANES,
>     HON. ROBERT D. SACK,
>           CIRCUIT JUDGES.

UNITED STATES COURT OF APPEALS
FILED
FEB 1 5 2006
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

- - - - - - - - - - - - - - - - - - - - - - - - -X

DUANE ZIEMBA,

>           Plaintiff-Appellant,

>           -v.-                              No. 05-1613-pr

MARGARET CLARK, Ind, JOHN J. ARMSTRONG, Ind, LARRY MYERS, Ind,

>           Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR PLAINTIFF-APPELLANT:    DUANE ZIEMBA, Pro se, Newtown, CT (on submission)

Issued as Mandate:    MAR 1 7 2006

APPEARING FOR DEFENDANTS-APPELLEES:   MATTHEW B. BEIZER,
Assistant Attorney
General, (Richard
Blumenthal, Attorney
General, on the brief),
Hartford, CT, (on
submission)

Appeal from the United States District Court for the
District of Connecticut (Thompson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Duane Ziemba challenges the
judgment of the district court, dismissing on summary
judgment his 42 U.S.C. § 1983 claims against three employees
of the Northern Correctional Institution ("Northern"): Nurse
Margaret Clark, Commissioner John Armstrong, and Warden
Larry Myers.  We assume that the parties are familiar with
the facts, the procedural history, and the scope of the
issues presented on appeal.

(1) The district court dismissed claims involving
conduct occurring prior to September 1999 on the basis of
the "prior pending action" doctrine.  A district court may
stay or dismiss a suit that is duplicative of another
federal court suit as part of its general power to
administer its docket.  Curtis v. Citibank, N.A., 226 F.3d
133, 138 (2d Cir. 2000).  We review such dismissals of
claims for an abuse of discretion; we find no abuse here.
Ziemba has filed multiple actions in the district court:  at
least two that pre-date this action and include Ziemba's
claims regarding the 1998 and pre-September 1999 events at
Northern.  The district court acted within its discretion in
dismissing claims that are the subject of other, earlier
lawsuits.

(2) Ziemba challenges the grant of summary judgment on
his retaliation claims.  We review an order granting summary
judgment de novo.  See Feingold v. New York, 366 F.3d 138,
148 (2d Cir. 2004).  In determining whether there are
genuine issues of material fact, we are "required to resolve
all ambiguities and draw all permissible factual inferences
in favor of the party against whom summary judgment is

sought." <u>Id.</u> (internal quotation marks omitted).  However, reliance on conclusory statements or mere allegations is insufficient to defeat a summary judgment motion.  <u>See Ying Jing Gan v. City of New York</u>, 996 F.2d 522, 532 (2d Cir. 1993).

A retaliation claim will not survive summary judgment unless the plaintiff discharges his burden to show:  "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  <u>Dawes v. Walker</u>, 239 F.3d 489, 492 (2d Cir. 2001), <u>overruled on other grounds</u>, <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002).

With respect to defendant Nurse Clark, Ziemba alleges that she subjected him to a four-point restraint in October 1999, and falsified records regarding the incident in retaliation for his suing her.  However Ziemba fails to allege any facts to show that Clark even knew of his lawsuits against other employees of Northern prior to July 2000 (Clark herself was not named in a lawsuit until then).  Ziemba has therefore failed to show that Clark had an improper motive, and the district court properly granted summary judgment for Clark.

With respect to defendants Commissioner Armstrong and Warden Myers, Ziemba claims they retaliated against him for his filing of prior lawsuits by failing to remedy violations he complained of and failing to adequately supervise prison employees.  To prevail under a theory of supervisory liability, a plaintiff must show that the defendant:  (i) personally participated in the alleged constitutional violation, (ii) was grossly negligent in supervising subordinates who committed the violation, or (iii) exhibited deliberate indifference to his rights by failing to act on information indicating that unconstitutional acts were occurring.  <u>See Provost v. City of Newburgh</u>, 262 F.3d 146, 154 (2d Cir. 2001).  Ziemba provide no evidence of unconstitutional violations occurring in or after September 1999 in which either Armstrong or Myers participated personally, or as to which they were grossly negligent in their supervising duties or deliberately indifferent to his rights.  Accordingly, defendants Armstrong and Myers were entitled to summary judgment.

1        For the foregoing reasons, the judgment of the district
2  court is AFFIRMED.
3
4                            FOR THE COURT:
5                            Roseann B. MacKechnie, Clerk
6
7                            By: _Lucille Carr_
8
9

-4-

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK